**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| 44EAST, LLC<br>5950 Mayfield Road, Suite No. 1162<br>Mayfield Heights, Ohio 44124,<br><br>    Plaintiff,<br><br>v.<br><br>AUBURN TOWNSHIP, OHIO<br>11010 East Washington Street<br>Auburn Township, Ohio 44023,<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT**<br><br><br><br>**JURY DEMAND<br>ENDORSED HEREON** |

For its complaint against Defendant Auburn Township ("Auburn"), Plaintiff 44East, LLC ("44East") states the following:

### NATURE OF THE ACTION

1. 44East brings this action under the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §§1983 and 1988 to vindicate its federally-protected due process and equal protection rights, as a class of one and otherwise, in connection with 44East's efforts to use its real property for a use that previously had been made of its property and that Auburn previously had approved for property across the street from 44East's.

### JURISDICTION

2. This Court's jurisdiction is premised on 28 U.S.C. §1331, 28 U.S.C. §§1343(a)(3) and (4), and 28 U.S.C. §§ 2201-2202.

## PARTIES

3. 44East is an Ohio limited liability company organized under the laws of the State of Ohio. Auburn Township is a political subdivision of the State of Ohio, located in Geauga County.

## VENUE

4. Venue exists within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division, because all parties and the subject real property are located within Geauga County, Ohio, and the acts of Auburn Township alleged below were and continue to be committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## FACTS

5. 44East owns the property at the northeast corner of the intersection of SR 44 and US 422, also known as Permanent Parcel Numbers 01-095800; 01-029370; 01-029380; and 01-117664 ("Property"). An aerial picture of the Property from the Geauga County GIS website is below:



6. The Property is located in the Township's B-3 Retail/Motorist Service District. As shown by excerpts of the Township's Zoning Map below, all of the property at the intersection of SR 44 and US 422 is in the B-3 district. Land to the north and west of the Property is zoned B-3 Retail/Motorist Service District and B-1A (Auburn Corners Retail) and B-2 (Village Retail). The land to the east of the Property is zoned B-1A while land to the south of the Property is zoned B-4 (Office/Light Industrial).



7. In addition to purchasing the Property, 44East and its predecessors-in-interest paid for two sewer tie ins to provide sewer service to the Property.

8. The Property has previously been used as a gas station.

9. 44East and its predecessors bought the Property for the specific purpose of developing it for a viable economic use.

10. Per Section 4A.02(d) of the Auburn Township Zoning Resolution ("ATZR"), the B-3 Retail/Motorist Service District was established:

> to provide for highway-oriented businesses and services. B-3 Districts shall be located in close proximity to the interchange areas of limited access highways, and designed as buffers between such areas and other developments. B-3 Districts shall be located to afford safe and convenient accessibility.

3

11. Per ATZR §4A.02(b), the B-1A zoning district was established:

to provide for a variety of business, office, and residential areas in the Auburn Corners area which are in keeping with the needs of the Township and its trade area."

12. Per ATZR §4A.02(c), the B-2 zoning district was established:

to encourage a variety of retail and office uses in a compact, yet cohesive, "village center" environment in the Auburn Comers area that serves as the historic core for surrounding commercial areas.

13. Per ATZR §4A.02(e), the B-4 zoning district was established:

to provide for a variety of office and light industrial uses which are in keeping with the business and employment needs of the Township and its trade area.

14. 44East has entered into an agreement with a third party interested in purchasing the Property for use as an Auto Service Station and Restaurant.

15. In the B-3 Retail/Motorist Service District, per ATZR §4A.05, Auto Service Stations are conditionally permitted uses, while Restaurants are permitted uses. The same is true of the B-1A, B-2, and B-4 zoning districts.

16. ATZR §2.02 defines "Auto Service Station" as follows:

An establishment where liquids used as motor fuels are stored and dispensed into the fuel tanks of motor vehicles, or where electric vehicles may be recharged, by an attendant or by persons other than the station attendant. These establishments may include the routine maintenance and service of vehicles except that major repairs as described in AUTO REPAIR GARAGE shall not be permitted. Such an establishment may include space/floor area for the sale of other retail products.

17. ATZR §2.02 also defines "Vehicle" as "Anything that is or has been on wheels, runners or tracks."

18. In 2015 and since, Township officials have publicly claimed that the Township would like to see a gas station built at the intersection of SR 44 and US 422. **Exhibit "1"** to this Complaint is a copy of an article published on March 5, 2015 in the Geauga County Maple Leaf, in which the Township's Zoning Inspector, Frank Kitko, is reported to have stated that "the

township would like to see the gas station built to encourage commercial development at the now virtually empty interchange." The same article recites that the Township Trustees "said they hoped the situation can be resolved and the gas station built."

19. In 2025, in pursuit of a possible multi-million dollar transaction, 44East applied to the Township for a zoning certificate for the use of the Property as an Auto Service Station and Restaurant.

20. The Zoning Inspector reached the unfounded, arbitrary and capricious conclusion that because the proposed Auto Service Station would sell diesel fuel and provided six parking spaces for the Restaurant that were large enough to accommodate trucks, 44East was really attempting to use the Property for "Tractor-Trailer Services."

21. Per ATZR §4A.05, "Tractor-Trailer Services" consist of "repair, overnight parking, fuel sales." Such uses are permitted only in the Township's I-1 General Industrial District.

22. Per ATZR §2.02, "Tractor-Trailer" is defined as follows: "A tractor-trailer (colloquially known as an 18-wheeler, semi, semi trailer or big rig) is an articulated truck consisting of a towing engine and a trailer that carries the freight."

23. Neither repair nor overnight parking of tractor-trailers were part of 44East's proposed use of the Property.

24. Per ATZR §4A.02(f), the I-1 zoning district was established:

> to provide for industrial areas with a variety of business and manufacturing uses which are in keeping with the business and employment needs of the Township and its trade area. 1-1 Districts shall be located to encourage the separation of residential and non-residential traffic.

25. The Township's I-1 zoning district is completely surrounded by land zoned for residential and park uses.

26. In the I-1 zoning district, both Restaurants and Auto Service Stations are

5

conditionally permitted uses. ATZR §4A.05. There are one or more gas stations in the Township which sell diesel fuel that are not located in the Township's I-1 General Industrial District.

27. 44East appealed the Zoning Inspector's determination that 44East wanted to develop the Property for Tractor-Trailer Services to the BZA.

28. 44East's plans included scales for determining the weight of trucks. During the hearing before the BZA, 44East advised that it would remove the scales from the plans and would not install the scales at the Property.

29. Nevertheless, without any evidence to support its conclusion, the BZA arbitrarily and capriciously agreed with the Zoning Inspector that 44East was attempting to develop its Property for Tractor-Trailer Services.

30. 44East has appealed the BZA's decision to the Geauga County Court of Common Pleas pursuant to Chapter 2506 of the Ohio Revised Code. That appeal is pending in Case No. 25A000479.

31. 44East subsequently amended its application to request a conditional use permit allowing for the Auto Service Station and Restaurant. 44East's request for a conditional use permit proposed numerous conditions that were intended to address various concerns that the Zoning Inspector and the BZA had expressed.

32. The BZA considered 44East's request over the course of two meetings, on June 10, 2025 and July 8, 2025. During the BZA's June 10, 2025 meeting, there was much discussion about the conditions proposed by 44East.

33. During the BZA's July 8, 2025 meeting, the BZA itself proposed numerous conditions, many of which were consistent with what 44East had already proposed.

34. Despite proposing those conditions, the BZA voted to deny 44East's application for a conditional use permit stating without any evidence to support it that 44East

6

intended to use its Property for Tractor-Trailer Services as opposed to an Auto Service Station and Restaurant. The BZA did not address the specific conditions set forth in the ATZR for Auto Service Stations. 44East filed an appeal of the BZA's denial of the conditional use permit under R.C. Ch. 2506. That appeal is pending in Case No. 25A000662.

35. On August 12, 2025, the BZA adopted "Findings of Fact" purporting to set forth findings that supported the BZA's denial of 44East's application for conditional use permit. A copy of the Findings of Fact is attached as **Exhibit "2."**

36. Among other findings, the BZA found: "The Zoning Inspector's job is to interpret the Zoning Resolution, so ultimately, his interpretation is the only interpretation that matters."

37. The BZA also found that "The B-3 Zoning district does not permit fueling of tractor trailers."

38. The BZA also found that before a conditional permit could be issued, it had to be certain that the conditions would forever be complied with:

> Revoking a Conditional Zoning Certificate is not the way to enforce compliance of a proposed use, it is a long, tedious process that the Township should not have to incur. Documentation to verify compliance needs to be approved prior to the Conditional Zoning Certificate being issued.

39. The BZA also found that "A conditional use certificate cannot be issued on a lot that is still in the conceptual phase. [the four lots have not been consolidated and the combined lot is not a recorded lot of record]."

40. The BZA also found that "A conditional use permit cannot be issued on a development plan."

41. 44East repeatedly advised the Township, including its Zoning Inspector and BZA, in writing and orally, that it had not proposed, and did not intend, to develop its Property for "Tractor-Trailer Services."

7

42. The Findings of Fact amounted to a litany of non-factual, pretextual assertions for preventing 44East from putting its Property to any viable economic use.

43. Notwithstanding any of the reasons for denial it asserted, the BZA insisted that 44East intended to use its Property for a Tractor-Trailer Services. None of the conditions the BZA proposed or 44East proposed could dissuade the BZA from that position even though 44East maintained throughout that it would not be a Tractor-Trailer Services and was prepared to agree to any conditions that would prevent that specific use while preserving its ability to use the land for an Auto Service Station and Restaurant.

44. 44East's was not the first Auto Service Station to be proposed in the same area. In 2013, the Township sold two parcels of real property across SR 44 from the Property to a buyer for the express purpose of developing a gas station and mini mart.

45. In May 2013, the BZA granted the buyer a use variance allowing for the proposed use. A copy of the minutes of the BZA meetings at which the variance was discussed is attached as **Exhibit "3."**

46. The BZA did not require the two parcels to be consolidated before granting the use variance.

47. The BZA did not prohibit trucks from fueling at the gas station.

48. The BZA did not insist that the buyer was really attempting to use the land for Tractor-Trailer Services.

49. The minutes of the meetings also indicate that the use variance was issued on the basis of a "conceptual" plan, and that that plan "probably would change…."

50. The buyer also explained that he would meet requirements of county and state agencies (Geauga Soil and Water, and Ohio EPA) and that those agencies "might modify where required items might need to go…."

8

51. And while the buyer, like 44East, advised the BZA that there would be no overnight truck parking, unlike with 44East, the BZA did not deny the variance on the grounds that it was impossible for the buyer to guaranty there would be no overnight parking. And based on the minutes, there was no discussion of how long trucks could be parked at the property.

52. The Zoning Inspector's and BZA's conduct and Findings of Fact clearly evidence bias, caprice, and arbitrariness.

53. To make matters worse, as 44East's application was pending before the BZA, one of the Township Trustees told numerous third persons that 44East and its principals have been lying about the intended use of the Property. During the Auburn Township Board of Trustees' October 6, 2025 meeting, moreover, Trustee Eugene McCune stated: "This Company came in here and told us they were going to build a gas station with a restaurant that turned out to be a Tractor-Trailer Services with 18+ trucks…." 44East's plans showed parking for a total of six semi's and specified that the parking was "not for overnight." In a similar vein, in response to 44East's request for a zoning certificate, the Township Zoning Inspector insisted that 44East's application related to Tractor-Trailer Services.

54. 44East has the opportunity to resume the use of the Property as a gas station, but has been unjustly thwarted by the Township's unreasonable, arbitrary and capricious refusal to allow it.

55. Neither of the Administrative appeals 44East has commenced, Case Nos. 25A000479 and 25A000662, afford any basis to 44East to recover the relief sought in this action.

<u><b>COUNT ONE</b></u>

<b>DEPRIVATION OF DUE PROCESS</b>

56. The allegations in Paragraphs 5 through 55 above are realleged and incorporated herein by reference.

57. 44East had a substantive due process right not to be subjected to arbitrary or irrational zoning decisions by the Township.

58. 44East also had a procedural due process right, and a right under the petition clause of the First Amendment to the U.S. Constitution, to have its request for a conditional use permit heard and decided on the basis of its stated intentions and plans to use its Property for an Auto Service Station and Restaurant, and not on the basis of unfounded, unsubstantiated, and false assertions that it intended to use its Property for Tractor-Trailer Services.

59. The BZA had no authority to deny 44East the use of its property as an Auto Service Station on the grounds that such use was no longer desired at the proposed location. 44East had a substantive due process right to a zoning decision that was within the authority granted to the BZA in the ATZR.

60. In considering 44East's zoning request, the BZA expressed concern that any violations of conditions attached to a zoning permit could not be prevented or corrected. The BZA had no authority to deny 44East the use of its property as an Auto Service Station on such grounds. 44East had a substantive due process right to a zoning decision that was not based on a belief that 44East or others might violate whatever conditions were imposed on that use.

61. 44East has incurred significant losses in connection with the Township's arbitrary, unreasonable and outrageous conduct and will continue to do so. It also stands to lose a multi-million-dollar deal as a result of the Township's conduct.

62. The arbitrary, unreasonable, and outrageous conduct of the Township, through its Zoning Inspector, BZA, and Trustee as described above, has deprived 44East of its rights to substantive and procedural due process for which 44East has a right to seek damages and other relief under 42 U.S.C. §§1983 and 1988.

## COUNT TWO

## DEPRIVATION OF EQUAL PROTECTION

63. The allegations in Paragraphs 5 through 62 above are realleged and incorporated herein by reference.

64. In denying 44East the zoning permit it sought to use its property as an Auto Service Station and Restaurant, the Township, through its BZA, treated 44East differently from how it treated the owner of the land across the street from 44East's when that owner sought a variance to put its property to the same use sought by 44East. The Township had no rational basis for treating 44East differently. Such disparate treatment, moreover, was motivated by animus or ill-will.

65. 44East has incurred significant losses in connection with the Township's deprivation of its equal protection rights and will continue to do so. It also stands to lose a multi-million-dollar deal as a result of the Township's conduct.

66. 44East has a right to seek damages and other relief under 42 U.S.C. §§1983 and 1988 for the Township's deprivation of its equal protection rights.

## COUNT THREE

## TAKING OF REAL PROPERTY

67. The allegations in Paragraphs 5 through 66 above are realleged and incorporated herein by reference.

68. The economic impact to 44East of the Township's conduct as described above, has been devastating and unjustified. The Township's conduct, moreover, has substantially interfered with 44East's distinct investment-backed expectations. The Township's actions have been arbitrary, unreasonable, and outrageous.

69. The Township's decisions to deny 44East's requested zoning permit has

deprived 44East of all or substantially all of the economically viable use of its property.

70. 44East is entitled to a declaratory judgment that it has suffered a taking for which it is entitled to just compensation from the Township.

WHEREFORE, in light of the foregoing, 44East hereby demands judgment in its favor and against the Township as follows:

A. an award of compensatory damages in an amount to be determined by a jury in an amount greater than $25,000;

B. a declaratory judgment, in the event 44East ultimately prevails in its administrative appeals, that 44East has suffered a taking for which it is entitled to just compensation;

C. an award of punitive damages;

D. an award of its reasonable attorneys' fees;

E. an award of the costs of this suit; and

F. such other and additional relief as this Court determines to be just and proper.

**44EAST DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

/s/ *Benjamin J. Ockner*
Benjamin J. Ockner (0034404)
Jordan Berns (0047404)
Berns, Ockner, and Greenberger, LLC
3201 Enterprise Parkway, Suite 220
Beachwood, OH 44122
Phone: (216) 831-8838
Email: bockner@bernsockner.com
jberns@bernsockner.com

*Counsel for Plaintiff 44East, LLC*